UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUSEBIO LEAL JUAREZ, A-222-593-152,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-6426 TLN AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining petitioner.

I. Factual Background

Petitioner is a native and citizen of Mexico who entered the United States without inspection on an unknown date. ECF No. 6-1 at 1-2. Petitioner is the father of a 21-year-old United States citizen son. ECF No. 1 at 2. He has no known criminal history. ECF 6-1 at 3.

On July 19, 2026, petitioner was arrested and detained by Immigrations and Customs Enforcement ("ICE") without a warrant after being stopped by Florida Fish and Wildlife on suspicion of fishing without a valid license. Id. at 2; ECF No. 1 at 2, 4. Petitioner states that he presented his valid fishing license, and he was not arrested for or charged with any offense in that

regard. ECF No. 1 at 4. That same date, petitioner was served with a Notice to Appear charging him as "an alien present in the United States who has not been admitted or paroled" and subject to removal under sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). ECF No. 6-2.

The Record of Deportable/Inadmissible Alien (Form I-213) from the date of detention states as to the custody determination that petitioner "will be released on OREC (Order of Release on Recognizance)," but petitioner has not been released from detention. ECF No. 6-1 at 3; see also ECF No. 1 at 4-5; ECF No. 7 at 2. Instead, petitioner has been transferred to six different detention facilities and is currently detained at the California City Detention Facility. ECF No. 1 at 4; ECF No. 7 at 2.

Petitioner filed a Form I-914 (Application for T Nonimmigrant Status) on July 22, 2026, which remains pending, and he has no removal order. ECF No. 1 at 2.[1]

## II. Procedural History

On August 12, 2026, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. ECF No. 1. By minute order dated August 18, 2026, respondents were directed to respond to the petition. ECF No. 5. Respondents filed their response on August 25, 2026, and petitioner filed his traverse on September 1, 2026. ECF Nos. 6, 7.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of

---

[1] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited Nov. 17, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

## IV. Discussion

### A. Overview

The petition asserts four claims for relief. ECF No. 1 at 7-13. In Claim One, petitioner asserts that, as a result of his pending Form I-914, he is a member of the nationwide class preliminarily certified in Immigration Center for Women & Children ("ICWC") v. Noem, No. 2:25-cv-9848 AB AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026), and his continued detention is inconsistent with the reinstated 2021 ICE Directive governing civil immigration enforcement against persons known to have pending victim-based applications. Id. at 6-8. In Claim Two, petitioner challenges the lawfulness of his detention under the INA, asserting that he was not apprehended while entering the United States or immediately thereafter. Id. at 9-10. In Claim Three, petitioner asserts that respondents' failure to provide the custody process required by 8 U.S.C. § 1226(a) violated his due process rights under the Fifth Amendment Due Process Clause. Id. at 10-11. Petitioner states that ICE has not served him with a Form I-286 or other written custody determination, advised him of his right to seek a bond redetermination before an immigration judge, made an individualized determination of danger to the community or risk of flight, and has transferred him across five states and prevented meaningful access to any available custody review procedures. Id. In Claim Four, petitioner argues that his warrantless arrest was unlawful because it did not comply with statutory or regulatory requirements. Id. at 12-13. By way of relief, petitioner seeks release on recognizance or reasonable alternatives to detention, a

determination that he falls within the ICWC pending class, an award of costs and attorney's fees under the Equal Access to Justice Act, and any further relief necessary to remedy his unlawful custody. Id. at 14-15.

In response, respondents state that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)" and "respectfully maintain the position that such provision governs here." ECF No. 6. Respondents concede, however, that Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), held that 8 U.S.C. § 1226 governs petitioner's detention and assert that he "is therefore entitled to seek a custody redetermination hearing before an immigration judge." Id.

In reply, petitioner emphasizes that, although respondents concede that § 1226(a) governs petitioner's detention, they have not provided him the process due under that statute, highlighting that petitioner was arrested without a warrant and that respondents' records reflect that a deportation officer determined that petitioner should be released on his own recognizance but he was never released. ECF No. 7 at 1-5. Petitioner argues that the appropriate remedy is immediate release, not a bond hearing. Id. at 1-4. Petitioner further notes that respondents only addressed his statutory claim and have failed to respond to all other claims, which should be construed as a concession. Id. at 5-7.

B. Warrantless Arrest

In Claim Four, petitioner asserts that his warrantless arrest did not comply with 8 U.S.C. § 1357(a)(2) or 8 C.F.R. § 287.3, and his detention is therefore unlawful. ECF No. 1 at 12-13. Respondents did not address this claim in their response. ECF No. 6.

Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." 8 U.S.C. § 1226(a). Immigration officers are authorized to make warrantless arrests in limited circumstances. These include when a noncitizen is "entering or attempting to enter the United States in violation of any law or regulation . . . regulating the admission, exclusion, expulsion, or removal of aliens," or when an officer has reason to believe (i) the noncitizen is in the United States in violation of such laws or regulations and (ii) the noncitizen is likely to "escape" before an arrest warrant can be obtained. 8 U.S.C. § 1357(a)(2); see also 8 U.S.C. §§ 1357(a)(4)–(5) (providing other circumstances that justify warrantless

arrest).

If a warrantless arrest is made in accordance with this exception, the noncitizen "shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine [noncitizens] as to their right to enter or remain in the United States." 8 U.S.C. § 1357(a)(2) (emphasis added). The noncitizen placed in formal removal proceedings must also be advised of the reason for their arrest and right to representation. 8 C.F.R. § 287.3(c). Absent exigent circumstances, an initial custody determination and a decision to issue a warrant and Notice to Appear must occur within 48 hours of the arrest. 8 C.F.R. § 287.3(d). In other words, "[w]hen arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc." Lopez-Perez v. Johnson, No. 1:26-cv-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026) (quoting Garcia De Melo v. Stamper, No. 1:26-cv-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026)); Trevor J.M. v. Warden of the California City Detention Facility, No. 1:26-cv-04364-TLN-CSK, 2026 WL 2410039, at *3 (Aug. 17, 2026).

Respondents do not address whether petitioner's arrest was warrantless as alleged—or if so, whether the statutory conditions for a warrantless arrest were satisfied. ECF No. 6. Respondents do not contend that petitioner's arrest was made pursuant to a properly issued warrant, do not offer a warrant into evidence, and do not allege any facts or present any evidence that might support a warrantless arrest. Id.[2] Respondents also have not demonstrated that, even if the warrantless arrest was lawful, the government acted without "unnecessary delay" and within

---

[2] In failing to respond to this claim, the undersigned observes that respondents did not advance as sufficient the deportation officer's notation in the Form I-213 that petitioner was arrested without a warrant "[d]ue to lack of legal presence, unknown community ties, and access to a vehicle." ECF No. 6-1 at 2. Had they done so, the undersigned would find this statement insufficient because "a warrantless arrest requires an individualized assessment of the person's flight risk." United Farm Workers v. Noem, 785 F. Supp. 3d 672, 735 (E.D. Cal. 2025). The deportation officer's vague and generalized statement does not provide the necessary individualized assessment that would support a flight risk determination, particularly where the I-213 narrative also describes petitioner answering officers' questions, identifies no attempted flight or evasive conduct, and reports that he has no criminal history. ECF No. 6-1.

48 hours of arrest to provide an initial custody determination and warrant. Id. Respondents' failure to demonstrate the lawfulness of petitioner's arrest, either pursuant to a warrant or in accordance with the statutory conditions for a warrantless arrest, and that the government complied with the post-arrest process delineated by the statute and regulations, is grounds for finding that petitioner's arrest violated 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.3. Trevor J.M., 2026 WL 2410039, at *3; see also Chen v. Warden, Desert View Facility, No. 5:26-CV-05704-BFM, 2026 WL 3036130, at *1 (C.D. Cal. Oct. 9, 2026) ("[W]here the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite."); Petrashkevich v. Mullin, No. 5:26-cv-04223-PD, 2026 WL 2337897, at *2 (C.D. Cal. Aug. 12, 2026) (granting relief on the petitioner's unrebutted warrantless arrest claim); Rivera v. Mullin, No. 5:26-cv-04197-KES, 2026 WL 2276935, at *2-3 (C.D. Cal. Aug. 6, 2026) (same).

"Numerous courts have held . . . that respondents' failure to comply with [the warrant requirement in § 1226(a)] reflects a violation of the statute entitling the noncitizen to immediate release." Kumar v. Noem, No. 1:26-cv-00601-DC-EFB (HC), 2026 WL 1949001, at *3 (E.D. Cal. July 6, 2026), report and recommendation adopted, 2026 WL 2086011 (E.D. Cal. July 20, 2026) (collecting cases); see also Andres G.B. v. Warden, Cal. City Immigration Processing Ctr., No. 1:26-cv-06810-TLN-CSK, 2026 WL 3181254, at *2 (E.D. Cal. Oct. 22, 2026) (finding the petitioner's warrantless arrest and initial detention violated the INA and its implementing regulations and ordering immediate release); Trevor J.M., 2026 WL 2410039, at *3 (finding the petitioner's detention "unlawful from its inception" where his warrantless arrest did not comply with 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.3 and ordering immediate release); Mayen v. Warden, California City Det. Ctr., No. 1:26-cv-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (ordering the petitioner's immediate release where there was no evidence the government issued a warrant under § 1226(a) and respondents did not suggest any other detention authority applied). Accordingly, the undersigned recommends that the petition be granted on petitioner's warrantless arrest claim.

C. Immigration and Nationality Act

In Claim Two, petitioner argues that his detention is unlawful under the INA. ECF No. Respondents concede that § 1226(a) governs petitioner's detention under Circuit precedent and maintain that he is entitled to seek a custody redetermination hearing. ECF No. 6.

The Ninth Circuit has recently rejected the government's application of § 1225(b)(2) to noncitizens like petitioner. In Rodriguez Vazquez v. Bostock, the Ninth Circuit held that "noncitizens present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to the detention regime of § 1226(a) not § 1225(b)(2)(A)." 183 F.4th 1160, 1165, 1193 (9th Cir. 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. Id. Indeed, respondents appear to concede this point. ECF No. 6 ("Respondents acknowledge, however, that Rodriguez Vazquez v. Bostock . . . holds that § 1226(a) governs Petitioner's detention.").

As this court has previously recognized, § 1226(a) provides "'extensive procedural protections,' including several layers of review of the initial custody determination, 'an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change.'" D.Y. v. Warden of the Golden State Annex, No. 1:26-CV-06235-TLN-CSK, 2026 WL 2391205, at *2 (E.D. Cal. Aug. 17, 2026) (quoting Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022)). In addition,

> courts have found each of the following violations of the requirements of 8 U.S.C. § 1226(a) to provide a sufficient basis mandating a petitioner's release: (1) failure to arrest following or contemporaneously with the issuance of a warrant pursuant to § 1226(a); (2) failure to issue a Notice to Appear charging the petitioner as inadmissible prior to, or contemporaneously with, the detention of the petitioner; (3) failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention; (4) failure to provide the petitioner an opportunity to demonstrate to the immigration officer that release would not pose a danger to property or persons and that the petitioner is likely to appear for future proceedings; and (5) failure to provide the petitioner with the basis for the petitioner's continued detention.

Id. (quoting Zurita Navarro v. Warden Ctrl. Valley Annex Det. Facility, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (citations omitted) (collecting cases)).

Here, respondents have not presented evidence to demonstrate that they complied with the procedural requirements of § 1226(a) during petitioner's detention. On the record before the court, it ius clear that respondents have violated § 1226(a) in numerous ways, including by failing to issue a warrant, failing to provide a bond hearing or provide an opportunity for petitioner to make such a request, and failing to provide petitioner with the basis for his continued detention. Of particular concern, the Form I-213 submitted by respondent reflects that a custody determination was made to release petitioner on his own recognizance on July 19, 2026, but petitioner was never released. ECF No. 6-1 at 3. Instead, petitioner has remained in detention for almost four months since the determination was made to release him. ECF No. 1 at 4; ECF No. 7 at 2. Thus, respondents have violated 8 U.S.C. § 1226(a), and petitioner's detention is unlawful under the INA.

D. Fifth Amendment Procedural Due Process

In Claim Three, petitioner asserts that his detention under § 1226(a) violates his due process rights because he was not afforded a custody determination or advised of the right to seek a bond determination before an immigration judge. ECF No. 1 at 10-11. Respondents do not address petitioner's due process claim in their response. ECF No. 6.

The Fifth Amendment Due Process Clause protects all persons in the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V; Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.") (citations omitted). Courts examine procedural due process claims in two steps: the first is to determine whether there exists a protected liberty interest under the Due Process Clause, and the second is to examine the procedures necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

Petitioner has a protected liberty interest in his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Even if petitioner is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. See Hernandez v. Sessions, 872 F.3d 976, 997 (9th Cir. 2017); Zadvydas, 533 U.S. at 693.

As the undersigned recently set forth in Garcia Flores and Ramirez Godinez, when a noncitizen has established a liberty interest in remaining free from custody and is entitled to the procedural protections afforded under § 1226(a), as outlined above, it is a violation of the noncitizen's procedural due process rights for the government to detain the noncitizen without providing those procedures. Garcia Flores v. Warden, No. 1:26-cv-5387 DC AC, 2026 WL 2494915, at *3-4 (E.D. Cal. Aug. 25, 2026) (applying the analytical framework of Mathews v. Eldridge, 424 U.S. 319 (1976), and finding petitioner's detention violated procedural due process); Ramirez Godinez v. Warden of the California City Detention Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251, at *2-5 (E.D. Cal. Aug. 21, 2026), report and recommendations adopted, 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026) (same). The undersigned adopts and incorporates here the reasoning in these cases, and on this record finds: (1) petitioner possesses a private interest in his freedom from detention; (2) the risk of erroneous deprivation and the probative value of additional procedural safeguards is high and concerning because petitioner is entitled to the procedures under 8 U.S.C. § 1226(a), including notice and a prompt custody redetermination hearing, has not been afforded these procedures, and a determination was made to release him on his own recognizance at the outset of detention but petitioner was never released; and (3) that, although the government has an interest in enforcing its immigration laws, its interest in detaining petitioner without the procedural safeguards to which he is entitled under § 1226(a) is minimal, if it exists at all. Upon consideration of the factors set forth in Mathews v. Eldridge, the undersigned finds that petitioner was entitled to notice and a hearing before a

neutral decisionmaker to determine whether his detention was justified. Accordingly, the undersigned recommends that the petition also be granted on petitioner's procedural due process claim.

E. Remedy

The undersigned finds that the appropriate remedy for the statutory violation is petitioner's immediate release, as petitioner's detention was unlawful from the outset and a post-deprivation hearing cannot cure the government's failure to follow the statute in the first instance. See J.M. v. Warden, No. 1:26-cv-04364-TLN-CSK, 2026 WL 2410039, at *3 (E.D. Cal. Aug. 17, 2026) (finding that "Petitioner's detention was unlawful from its inception" and "[n]or does a subsequent bond hearing cure the government's statutory violations") (collecting cases); Trevor J.M., 2026 WL 2410039, at *2-3 (finding the noncitizen's detention "unlawful from its inception" where the government failed to comply with the § 1226 warrant requirement); Dinesh S. v. Chestnut, No. 1:26-cv-01717 TLN EFB, 2026 WL 1028016, at *2 (E.D. Cal. April 16, 2026) (granting the noncitizen's INA claim and finding that, given the government's lengthy deprivation "of the process owed him under [§ 1226(a)]" . . . "[t]he appropriate remedy for this violation is not to bring the Government into conformity with its governing statutes; it is to release Petitioner from unlawful custody").

The undersigned further finds that this case is materially indistinguishable from those cases in which this court has granted release where the government conceded that the petitioner has a statutory right to a bond hearing under Rodriguez Vasquez and the failure to provide or lengthy delay in providing the statutorily mandated bond hearing violated petitioner's due process rights and justifies release. D.S.B. v. Warden, California City, No. 1:26-cv-7393 TLN CSK, 2026 WL 3136167, at *1 (E.D. Cal. Oct. 20, 2026) (finding as to a noncitizen detained for nearly seven weeks that "the government's failure to follow statutory procedures and to provide a custody hearing deprived Petitioner of an opportunity to be heard 'at a meaningful time and in a meaningful manner' in violation of the Fifth Amendment Due Process Clause.") (quoting Mathews, 424 U.S. at 333); M.P. v. Warden of the Central Valley Annex Detention Facility, No. 1:26-cv-07463-TLN-CSK, 2026 WL 3136164, at *3 (E.D. Cal. Oct. 20, 2026) (same as to a

noncitizen detained for three months without notice or a custody hearing); D.Y., 2026 WL 2391205, at *2-3 (ordering release of noncitizen detained without a hearing for nearly two weeks); see also Zurita Navarro, 2026 WL 2294963, at *1-2 ("failure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements." (citing J.T.G. v. Genalo, 2026 WL 1724325, at *4 (S.D.N.Y. June 15, 2026)).[3]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner EUSEBIO LEAL JUAREZ, A-222-593-152. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restrictions on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.
2. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.
3. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release.

[3] Because relief is appropriate on Claims Two, Three, and Four, the undersigned declines to address petitioner's remaining claim, which seeks the same or similar relief (*i.e.*, petitioner's immediate release).

4. Petitioner's request for an award of attorney's fees and costs be DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion.

5. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE